1  Marc S. Carlson (State Bar No. 210592)
   Angele Motlagh (State Bar No. 228588)
2  JONES DAY
   3 Park Plaza, Suite 1100
3  Irvine, CA 92614
   Telephone:  (949) 851-3939
4  Facsimile:  (949) 553-7539
   Email:      amotlagh@jonesday.com
5
   Attorneys for Defendant
6  EXPERIAN INFORMATION SOLUTIONS,
   INC.
7

FILED
CLERK, U.S. DISTRICT COURT
APR - 7 2008
CENTRAL DISTRICT OF CALIFORNIA
BY                            DEPUTY

E-FILING
JUDGE'S CHAMBER COPY

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11 | Michelle McLaughlin, an Individual        | Case No. CV08-00610 SVW (CWx)
12 |              Plaintiff,                   | STIPULATED PROTECTIVE ORDER
13 |     v.                                    |
14 | EXPERIAN INFORMATION                      |
   | SOLUTIONS, INC., an unknown               |
15 | business entity; and DOES 1-50,           |
   | Inclusive,                                |
16 |              Defendants.                  |
17

18       IT IS HEREBY STIPULATED by and between Plaintiff Michelle

19 McLaughlin ("Plaintiff") and Defendant Experian Information Solutions, Inc.

20 ("Experian) through their respective attorneys of record, as follows:

21       WHEREAS, documents and information have been and may be sought,

22 produced or exhibited by and among the parties to this action relating to trade

23 secrets, confidential research, development, technology or other proprietary

24 information belonging to the defendant and/or personal income, credit and other

25 confidential information of Plaintiff.

26       THEREFORE, an Order of this Court protecting such confidential

27 information shall be and hereby is made by this Court on the following terms:

28

LAI-2938705v1                                    STIPULATED PROTECTIVE ORDER

1. This Order shall govern the use, handling and disclosure of all documents, testimony or information produced or given in this action which are designated to be subject to this Order in accordance with the terms hereof.

2. Any party or non-party producing or filing documents or other materials in this action may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential."

3. To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the party who intends to file such papers shall give five business days' notice to the party who designated such materials as "Confidential," so that the designating party has the opportunity to file the application required pursuant to Central District Local Rule 79-5.1 for such papers to be filed under seal. The filing party shall cooperate with the designating party to allow the application to be filed along with the Confidential documents or information.

4. All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony, deposition, or otherwise, that refers, reflects or otherwise discusses any information designated Confidential hereunder), shall not be used, directly or indirectly, by any person, for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order.

5. Except with the prior written consent of the individual or entity asserting confidential treatment, or pursuant to prior Order after notice, any document, transcript or pleading given confidential treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers to, reflects or otherwise discusses any

information designated confidential hereunder) may not be disclosed other than in accordance with this Order and my not be disclosed to any person other than: (a) the Court and its officers; (b) parties to this litigation; (c) counsel for the parties, whether retained counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information; (e) present or former employees of the producing party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); and (f) Experts specially retained as consultants or expert witnesses in connection with this litigation.

6. Documents produced pursuant to this order shall not be made available to any person designated in subparagraphs 5(f) unless he or she shall have first read this Order and agreed to be bound by its terms, and signed the attached Declaration of Compliance.

7. All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature. All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any other person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto. No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 5 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

8. Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential."

9. This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

10. Within sixty (60) days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be returned to the individual or entity having produced or furnished same.

11. In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from this Court. During the pendency of any challenge to the designation of a document or information, the designated document or information shall continue to be treated as "Confidential" subject to the provisions of this Protective Order.

12. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

```
1
2   Dated:      March 18, 2008           JONES DAY
3
4                                        By: /s/ Angele Motlagh
                                             Angele Motlagh
5
                                         Attorneys for Defendant
6                                        EXPERIAN INFORMATION
                                         SOLUTIONS, INC.
7   Dated:      March 31, 2008           BRENNAN, WIENER & ASSOCIATES
8
9                                        By: /s/ Robert F. Brennan
                                             Robert F. Brennan
10
11                                       Attorneys for Plaintiff
                                         MICHELLE MCLAUGHLIN
12
13
14
15  IT IS SO ORDERED.
16  Dated: April 7, 2008                 /s/ Carla M. Woehrle
                                         UNITED STATES DISTRICT JUDGE
17
18
...
28
```

## DECLARATION OF COMPLIANCE

I, _____, declare as follows:

1. My address is

    _____.

2. My present employer is

    _____.

3. My present occupation or job description is

    _____.

4. I have received a copy of the Stipulated Protective Order entered in this action on _____, 2008.

5. I have carefully read and understand the provisions of this Stipulated Protective Order.

6. I will comply with all provisions of this Stipulated Protective Order.

7. I will hold in confidence, and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents or other materials produced subject to this Stipulated Protective Order.

8. I will use such information, documents or other materials produced subject to this Stipulated Protective Order only for purposes of this present action.

9. Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Stipulated Protective Order, and all documents or things which I have prepared relating thereto, which documents are the subject of the Stipulated Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

10. I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Stipulated Protective Order in this action.

I declare under penalty of perjury under the laws of the United States that the

1  following is true and correct.
2      Executed this ___ day of _____, 2008 at _____.
3
4
5                                          _____
6                                                QUALIFIED PERSON

## PROOF OF SERVICE

I, Angele Motlagh, declare:

I am a citizen of the United States and employed in Orange County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 3 Park Plaza, Suite 1100, Irvine, California 92614. On March 28, 2008, I served a copy of the within document(s):

**STIPULATED PROTECTIVE ORDER**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Irvine, California addressed as set forth below.

☐ by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a agent for delivery.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒ by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

rbrennan@brennanlaw.com
Robert F. Brennan, Esq.
Robert A. Wiener, Esq.
Agnes O. Martin, Esq.
BRENNAN, WIENER & ASSOCIATES
3150 Montrose Avenue
La Crescenta, CA 91214

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

LAI-2932383v1
Last Edited: 03/11/08

PROOF OF SERVICE

1
2
3      I declare that I am employed in the office of a member of the bar of this court at whose
4  direction the service was made.
5      Executed on March 28, 2008, at Irvine, California.
6
7                                                      _____
                                                              Angele Motlagh
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LAI-2932383v1
Last Edited: 03/11/08                          - 2 -                         PROOF OF SERVICE